UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASTLE CREEK COMPANY, INC.,
    Plaintiff,

v.

JESSIE STEWART,
    Defendant.

Case No. 16-cv-05747-JCS

**REPORT & RECOMMENDATION RE SUA SPONTE REMAND**

## I. INTRODUCTION

Plaintiff Castle Creek Company, Inc. brought an unlawful detainer action in state court against Defendant Jessie Stewart. Defendant, proceeding pro se, removed the case to this Court. *See* Notice of Removal (dkt. 1). The undersigned recommends that this case be REMANDED sua sponte to the Superior Court of California for the County of Contra Costa. Because the parties have not consented to the jurisdiction of a United States magistrate judge, this case will be reassigned to a United States district judge for further proceedings, including action on these recommendations. Any party may file objections to these recommendations within fourteen days of being served with a copy of this Report.

## II. ANALYSIS

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted).

Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Defendant's Notice of Removal invokes federal question jurisdiction. *See* Notice of Removal ¶10. Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal question must arise from the complaint—it is "settled law that a case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

Here, the Complaint alleges only violations of California state law. Defendant's Notice of Removal states that a "[f]ederal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." Notice of Removal ¶ 10. Even if that is so, a federal defense presented in the Answer provides no basis for removal. *See Caterpillar*, 482 U.S. at 393. The undersigned therefore finds no basis for federal jurisdiction, and recommends that the case be remanded.[1]

---

[1] The Court notes that Defendant has not invoked diversity as a basis for federal jurisdiction and that removal on that basis would have been improper. The diversity jurisdiction statute, 28 U.S.C. § 1332, provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). However, a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). It is apparent from the Notice of Removal that Defendant is a citizen of California and therefore he may not invoke diversity jurisdiction under § 1332 to remove an action filed in California state court.

2

### III. CONCLUSION

For the reasons stated above, the undersigned recommends that this action be REMANDED to the California Superior Court for Contra Costa County.  **The Case Management Conference set for January 6, 2017 is vacated.**

Dated: October 11, 2016

JOSEPH C. SPERO
Chief Magistrate Judge